# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CHRISTOPHER R. LEWIS,

      Plaintiff,

v.                                            Case No. 09-CV-138

SHERIFF DAVID A. CLARKE, JR., M. KORDUS,
RICHARD SCHMIDT and D. SZIBEL,

      Defendant.

_____

## ORDER

On February 11, 2009, plaintiff Christopher R. Lewis ("Lewis"), a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis*. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for this action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the

Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Lewis filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). This account statement shows the activity in the plaintiff's prison account for the past six months.

A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit to Lewis's prison account was $58.33 and the average monthly balance of the account was $96.73. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Lewis is required to pay an initial partial filing fee of $19.35. Lewis shall pay the initial partial filing fee of $19.35 to the Clerk of Court on or before **Friday, March 20, 2009**.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be

afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this Order or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **Friday, March 20, 2009**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

Lewis has also filed a motion for extension of time to file his trust fund account statement. (Docket #9). However, the court does not consider the submission of his prisoner trust fund account statement untimely. Therefore, the court will deny Lewis's motion as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that on or before **Friday, March 20, 2009**, the plaintiff shall forward to the Clerk of Court the sum of $19.35 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #9) be and the same is hereby **DENIED** as moot.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge