UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER R. LEWIS,

        Plaintiff,

v.                                                      Case No. 09-C-0138

SHERIFF DAVID A. CLARKE, JR.,
M. KORDUS, RICHARD SCHMIDT,
and D. SZIBEL,

        Defendants.

## DECISION AND ORDER

        The plaintiff, Christopher Lewis, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was housed at the Milwaukee County Jail as a pretrial detainee. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, the plaintiff's motion for leave to file an amended complaint, the plaintiff's order to show cause, and for screening of the plaintiff's complaint.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.35. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There

2

is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**COMPLAINT AVERMENTS**

On June 23, 2008, inmate Raynell Jordan "dashed" the plaintiff with a mixture of urine, feces and spittle between 1:00 p.m. and 1:30 p.m., at the beginning of Jordan's recreation period. (Complaint at 3). The plaintiff contends that he alerted Correctional Officer M. Kordus in writing during the first shift's initial tour at approximately 6:15 a.m. "of the approaching premeditated danger." *Id.* According to the plaintiff's complaint, Jordan had been threatening the plaintiff and another inmate for two days. Jordan bragged about having HIV and "jubilantly expressed his sincere intentions to inflict the plaintiff." *Id.*

Defendants Kordus and Szibel conducted a search of Jordan's cell before giving him his recreation period, but they failed to confiscate the "bomb" because

3

Jordan hid it in his sock during the cell search. The "bomb" was a half pint milk carton containing biohazardous waste. The plaintiff avers that Kordus and Szibel did not conduct a personal body search, during which they would have located the "bomb."

> Immediately upon release, while plaintiff was attempting to barricade the door he was "dashed"/assaulted by Raynell Jordan with his biohazardous waste striking the plaintiff's hair, forehead, face, chest and feet.

(Complaint at 5).

The plaintiff seeks $10,000,000.00 in various forms of monetary damages. He also wants the court to file criminal charges of assault.

## FAILURE TO PROTECT

The plaintiff asserts a claim that Correctional Officer M. Kordus and Deputy D. Szibel knew Jordan "was going to throw his bodily excrements at the plaintiff and failed to do their job and protect the plaintiff from the assault." (Complaint at 5).

Section 1983 claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007). Nonetheless, "[t]he protections for pre-trial inmates under the Due Process Clause are at least as great as those afforded inmates under the Eighth Amendment, and the standards are frequently considered to be analogous." *Id.* (internal quotation omitted). "Prison officials owe inmates, both those who have been convicted and those being detained while awaiting trial, a duty to protect them

4

from violence inflicted by other inmates." *Id.* at 856-57. The Due Process Clause protects pretrial detainees from deliberate indifference to their safety and welfare, but this federal constitutional protection extends only to objectively serious injuries. *Id.* at 857. In order to prove deliberate indifference, the plaintiff must show that the defendants were aware of a substantial risk of serious injury to the plaintiff but nevertheless failed to take appropriate steps to protect him from a known danger. *Id.*

The plaintiff has alleged that defendants Kordus and Szibel were aware of a substantial risk of serious injury to the plaintiff. He also contends that by failing to conduct a personal body search of inmate Jordan and failing to discover the "bomb" that Jordan hid in his sock during the search of his cell, defendants Kordus and Szibel did not protect him from a known danger. Thus, the plaintiff has stated a failure to protect claim under the Due Process Clause as to defendants Kordus and Szibel.

## RETALIATION

The plaintiff further avers that defendant Kordus has been harassing him since receiving notice of this claim in July 2008. He alleges that defendant Kordus "has been vengeful in ways of violating the plaintiff's federal rights refusing him personal and legal mail, fraudulently filing criminal reports on him, and other discriminative practices towards him." (Complaint at 7).

A prisoner's retaliation claim is subject to a liberal notice pleading standard; to comply with § 1915A, as with Fed. R. Civ. P. 12(b)(6), the complaint need specify

5

only the bare minimum facts necessary to notify the defendants and the court of the nature of the claims. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response. *Id.*; *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct"). The plaintiff states a retaliation claim under the First Amendment as to defendant Kordus.

**PARTIES**

The plaintiff's complaint contains no facts indicating the personal involvement of Sheriff David A. Clarke, Jr. or Deputy Inspector Richard Schmidt in the alleged constitutional deprivation, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). There is no supervisory liability under § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Thus, defendants Clarke and Schmidt will be dismissed as parties to this action.

**CLASS ACTION**

It seems that the plaintiff is attempting to bring a class action against the defendants. The plaintiff indicates that he "wishes the court to acknowledge the fact that he does not file this suit in his own interests, but in the interests of all involved directly as well as indirectly." (Complaint at 6). However, the plaintiff does not allege that he satisfies the requirement of Federal Rule of Civil Procedure 23(a) or allege facts that would satisfy the requirements. Under Rule 23(a), a plaintiff can sue as

6

a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because the plaintiff has not satisfied the requirement of Rule 23(a), the plaintiff can only bring the claims in his individual capacity and not on behalf of a class.

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

The plaintiff has filed a motion for counsel. He represents that he is indigent, was living on SSI before he was arrested, and does not have the legal aptitude to pursue this civil suit. The plaintiff indicates that he has been diagnosed with bipolar disorder, schizophrenia, anxiety, depression, and social and personality disorder, and that he takes prescription drugs for his mental illness.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir.2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995)). However, this court has no access to funds to compensate attorneys for such representation.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question:

given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

**PLAINTIFF' S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The plaintiff has also filed a motion for leave to file an amended complaint. He simply wishes to change the amount of damages he requested. While leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). The Civil Local Rules provide:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to the pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleadings as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then

8

> detach the amended pleading and file it when the order
> granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.). The plaintiff has not complied with the requirements of Civ. L.R. 15.1. Thus, the court will deny his motion to amend his complaint.

## PLAINTIFF'S ORDER TO SHOW CAUSE

The plaintiff has also submitted a pleading entitled, "Proposed Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." This pleading is not a proper motion, and the relief the plaintiff seeks is not clear. Nevertheless, the court will construe the pleading as a motion for an order to show cause for a preliminary injunction and temporary restraining order.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on nonparties. *Id.*

First, the plaintiff asks the court to permanently lift defendant Schmidt's "envelope restriction" so that the plaintiff can use any and all mailing envelopes. He contends he will suffer irreparable harm in his civil suit due to the fact that he is being prohibited from the use of any mailing envelopes. Yet the plaintiff does not

9

provide the details of this "envelope restriction," and somehow the plaintiff was able to send this pleading to the court. He also states that he is likely to succeed on the merits in a conclusory fashion, without support. Further, the plaintiff provides no description of why or evidence to indicate that he does not have an adequate remedy at law. The plaintiff has failed to sustain the threshold burden.

Second, the plaintiff asks the court to order that:

> the defendant(s) correctional officer M. Kordus #74 and each of the officers, agents, employers, and all persons acting in concert or participation with them, are restrained from the plaintiff's physical being and personal property.

Arguably, this request could include all guards at the Milwaukee County Jail. Also, the plaintiff asks for a temporary restraining order that defendant Kordus maintain a distance of 50 yards from the plaintiff at all times during the pendency of this case. Given the plaintiff's position as an inmate, and defendant Kordus' position as a correctional officer, this is impractical, particularly where there has been no showing of irreparable harm. The mere fact that the plaintiff states a claim for retaliation against defendant Kordus does not entitle him to a preliminary injunction or TRO. The plaintiff has submitted no evidence regarding his likelihood to succeed on the merits, whether he has an adequate remedy at law, or any irreparable harm that would result if the court does not issue an order to show cause. The court will deny both portions of the plaintiff's motion for an order to show cause.

## ORDER

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an amended complaint (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an order to show cause for a preliminary injunction and temporary restraining order (Docket #12) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Sheriff David A. Clarke, Jr. and Deputy Inspector Richard Schmidt are hereby **DISMISSED** as parties to this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Correctional Officer M. Kordus and Deputy D. Szibel, pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs

are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants Kordus and Szibel shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $330.65 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

12

Case 2:09-cv-00138-JPS   Filed 06/15/09   Page 12 of 13   Document 14

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge