# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER R. LEWIS,

        Plaintiff,

v.                                                                 Case No. 09-CV-138

M. KORDUS and D. SZIBEL,

        Defendants.

## ORDER

The plaintiff, Christopher Lewis, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was housed at the Milwaukee County Jail as a pretrial detainee. The plaintiff was allowed to proceed on Fourteenth Amendment failure to protect claims against defendants Kordus and Szibel and a First Amendment retaliation claim against defendant Kordus. This matter is now before the court on a number of motions filed by the plaintiff.[1]

First, the plaintiff filed a motion for discovery. He very generally "requests a complete motion for discovery from court and defendants including written questions, oral depositions, and any and all documentation in this case number." (Plaintiff's Motion, p. 1). On the same date, the plaintiff also filed documents entitled Request

---

[1] In addition to the plaintiff's motions, he has also submitted a number of pleadings containing argument, as well as several claims (Docket Nos. 50, 57, and 58). The scope of this case is limited to the claim on which the plaintiff was allowed to proceed in the decision and order dated June 15, 2009. To the extent the plaintiff is attempting to bring additional claims, especially any claims arising out of incidents that did not occur at the Milwaukee County Jail, he must file a new case (or cases) for those claims to be considered by the court.

for Production of Documents and Request for Admission. It appears that this motion was really the service of discovery requests upon the defendants. As such, the plaintiff's motion will be denied.

Second, the plaintiff filed a motion to amend the complaint. He asks the court for leave to amend to name The Milwaukee County Jail/Criminal Justice Facility as a defendant in this case, but he does not explain why he wants to add the new defendant. The accompanying Proposed Amended Complaint includes a letter from the Federal Defender Services of Wisconsin, Inc., several pages of what appear to be notes regarding the law, a note to another inmate with a list of issues, and nine Milwaukee County Jail inmate grievance forms.

Although the court should freely give leave to amend "when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

The plaintiff's proposed amended complaint does not set forth a claim against the Milwaukee County Jail/Criminal Justice Facility. In fact, it does not even include allegations supporting the claim on which the plaintiff was allowed to proceed.

2

Accordingly, it would be futile to grant the plaintiff's motion. *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). The motion will be denied.

Third, the plaintiff filed a motion for extension of time. The plaintiff mentions a legal packet from the defendants and his need for additional time to get into the law library. The court surmises that the plaintiff is referring to discovery requests served by the defendants. Because the extension the plaintiff sought does not relate to any court deadline, it will be denied as moot.

Fourth, the plaintiff filed a motion for substitution of judge pursuant to Wis. Stat. § 801.58. This provision of the Wisconsin statutes does not apply to actions in federal court. Consequently, the plaintiff's motion will be denied.

Fifth, the plaintiff filed another motion for leave to amend his complaint to add the names of additional defendants. The plaintiff wants to add: (1) the Mayor of the City of Milwaukee; (2) Sheriff David A. Clarke, Jr.; (3); Milwaukee County Jail; (4) Correctional Officer Richard Young; (5) Milwaukee County; and (6) the City of Milwaukee. He attached to his motion the page of the form § 1983 complaint that lists the defendants. However, the page attached lists the defendants the plaintiff named in his original complaint. Two of the defendants listed were dismissed at screening, including Sheriff Clarke. The plaintiff does not provide any information regarding new claims or why he believes the proposed additional defendants are responsible for his alleged constitutional deprivation. Moreover, because the motion

3

does not include a complete proposed amended complaint, it fails to comply with the Civil Local Rules. The plaintiff's motion for leave to amend complaint will be denied.

Also pending is the defendants' motion for summary judgment, which was filed on January 11, 2010. The plaintiff filed a response to that motion, in the form of a brief, proposed findings of fact and affidavit, on February 12, 2010. On the same date, the plaintiff also filed a "Notice of Plaintiff's Circumstances." In that document, he represents that he was in a segregation unit and, therefore, unable to properly prepare a response. He cites difficulty in obtaining notarized documents and lists the motions pending before the court, which are resolved in this decision and order. Because the court had not resolved all of the pending motions when the defendants filed their motion for summary judgment, the court will provide the plaintiff with additional time to respond to the defendants' motion for summary judgment.

The plaintiff may supplement his response to the defendants' motion for summary judgment on or before **Wednesday, May 26, 2010**. If the plaintiff files a new response, the defendants may file a reply brief within 14 days of service of the plaintiff's response. No further extensions will be granted.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for discovery (Docket #30) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #31) be and the same is hereby **DENIED**.

4

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #38) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for substitution of judge (Docket #47) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket #49) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff may supplement his response to the defendants' motion for summary judgment on or before **Wednesday, May 26, 2010**. If the plaintiff files a new response, the defendants may file a reply brief within 14 days of service of the plaintiff's response. No further extensions will be granted.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge