# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER R. LEWIS,

        Plaintiff,

v.                                                Case No. 09-CV-138

M. KORDUS and D. SZIBEL,

        Defendants.

## ORDER

The defendants have filed a motion for summary judgment, which is fully briefed and before the court.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show . . . no genuine issue as to any material fact . . . and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion. Instead, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), *Bethlehem Steel Corp*

v. *Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). However, a court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citing *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir. 1989)).

The moving party bears the initial burden of showing that there are no material facts in dispute and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A defendant moving for summary judgment may satisfy this initial burden by pointing to the plaintiff's failure to introduce evidence sufficient to support the cause of action alleged. *Id.* at 325. Once the moving party meets its initial burden, the nonmoving party must "go beyond the pleadings" and designate specific facts to support its cause of action, showing a genuine issue for trial. *Id.* at 322-25.

When the moving party does not bear the burden of proof at trial, he can prevail on a motion for summary judgment by showing that there is an absence of evidence to support any essential element of the non-moving party's case. *Celotex Corp.*, 477 U.S. at 322-23. However, where the moving party bears the burden of proof at trial, he can prevail only by proving every element of his case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248; *Select Creations, Inc. v. Paliafito America, Inc.*, 911 F. Supp. 1130, 1149 (E.D. Wis. 1995).

## FACTUAL BACKGROUND[1]

The plaintiff's claims arise out of his incarceration as a pretrial detainee at the Milwaukee County Jail. On June 23, 2008, during the first shift, the plaintiff notified defendant Correctional Officer M. Kordus in writing that inmate Raynell Jordan had been threatening the plaintiff and another inmate for two days. According to the plaintiff, Jordan bragged about having HIV and "jubilantly expressed his sincere intentions to inflict the plaintiff." (Complaint at 3). Jordan planned to "dash" the plaintiff with a "bomb" of bodily fluids. *Id.* at 5.

In response to the plaintiff's warning, Kordus and defendant Deputy David Szibel conducted a search of Jordan's cell before letting him out for his recreation period. However, they did not find the "bomb," a half-pint milk carton containing biohazardous waste, because Jordan hid it in his sock during the cell search. *Id.* Defendants Kordus and Szibel did not conduct a search of Jordan's body. Once Jordan was released from his cell for recreation, he "dashed" the plaintiff with his biohazardous waste. Although the plaintiff attempted to barricade the door, the material struck the plaintiff's hair, forehead, face, chest and feet.

The plaintiff made a claim that Kordus, Szibel, and Correction Officer Richard Young failed to protect him from Jordan's attack. Sergeant James E. Criss of the

---

[1] The facts are taken from the affidavits of defendant Deputy David Szibel, Correction Officer Richard Young, and the plaintiff's sworn complaint. Although the plaintiff submitted several documents in response to the defendants' motion for summary judgment, none of them was sworn. Therefore, the court will construe the plaintiff's sworn complaint as an affidavit at this stage. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996)

3

Milwaukee County Sheriff's Office Detention Bureau investigated the plaintiff's claim and submitted a report to the Internal Affairs Division on October 15, 2008. In his report, Sergeant Criss notes that he asked for reports from all three officers and received reports from Correctional Officers Kordus and Young.

On November 3, 2008, a representative from Milwaukee County's insurance company wrote to the plaintiff. The letter advised the plaintiff that an investigation had been completed and that his claim was being declined.

## DISCUSSION

The defendants argue that they are entitled to summary judgment because there is no evidence that they acted with a deliberate or reckless disregard for the plaintiff's constitutional rights. They also contend that the plaintiff cannot show that allegedly retaliatory actions taken by defendant Kordus were motivated by the plaintiff's exercise of his First Amendment rights. The plaintiff submits that he is entitled to proceed to a jury trial due to an "overwhelming multitude" of genuine issues of material fact. (Plaintiff's Brief, p. 14).

### I. FAILURE TO PROTECT

The plaintiff was allowed to proceed on a claim that defendants Kordus and Szibel knew that Jordan was going to throw bodily fluids at the plaintiff but failed to protect the plaintiff from the assault.

At the time of this incident, the plaintiff was a pretrial detainee so his claim is analyzed under the Due Process Clause of the Fourteenth Amendment rather than

4

the Eighth Amendment's Cruel and Unusual Punishment Clause. *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007). However, "[t]he protections for pre-trial inmates under the Due Process Clause are at least as great as those afforded inmates under the Eighth Amendment, and the standards are frequently considered to be analogous." *Id.* (internal quotation omitted). "Prison officials owe inmates, both those who have been convicted and those being detained while awaiting trial, a duty to protect them from violence inflicted by other inmates." *Id.* at 856-57. The Due Process Clause protects pretrial detainees from deliberate indifference to their safety and welfare. *Id.* at 857.

In order to prove deliberate indifference, the plaintiff must show that the defendants were aware of a substantial risk of serious injury to the plaintiff but nevertheless failed to take appropriate steps to protect him from a known danger. *Id.* Deliberate indifference is more than negligent or even grossly negligent behavior; the officers must have acted with the equivalent of criminal recklessness. *Id.*

> Prison officials who had actual awareness of a substantial risk to the health or safety of an inmate incur no liability if they "responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent." The "mere failure of the prison official to choose the best course of action does not amount to a constitutional violation."

*Id.* (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)).

In *Guzman*, the plaintiff argued that Officer White should have exercised authority by shouting verbal commands to two inmates fighting at the Cook County Jail, in addition to calling for assistance. *Guzman*, 495 F.3d at 858. The Seventh Circuit determined that even though Officer White may have deviated from standard procedure, "[a] deviation of this sort, especially when the officer continued to take steps aimed at stopping the situation, cannot be characterized as deliberate indifference." *Id.* Officer White's "actions were taken pursuant to her obligations as an officer overseeing the division, and a trier of fact certainly could not characterize these steps as deliberate indifference. At best, they constituted negligence." *Id.* at 859.

As in *Guzman*, defendants Kordus and Szibel took action in response to the plaintiff's note about Jordan. They searched Jordan's cell and only released him for recreation when they did not find any contraband. It may have been negligent for them not to search Jordan too, but a trier of fact could not characterize their actions as deliberately indifferent to the plaintiff's safety.

## II. RETALIATION

The plaintiff also was allowed to proceed on a First Amendment retaliation claim against defendant Kordus, but the defendants argue that Kordus is entitled to summary judgment on this claim because the plaintiff cannot show that her allegedly retaliatory actions were motivated by his exercise of First Amendment rights.

6

Additionally, the defendants argue that Kordus did not know about the plaintiff's complaint until she was served with the summons and complaint.

In order to prevail on a First Amendment retaliation claim, the plaintiff "must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the ... decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

The plaintiff averred that Kordus had been harassing him since receiving notice of this claim in July 2008. He stated that defendant Kordus "has been vengeful in ways of violating the plaintiff's federal rights refusing him personal and legal mail, fraudulently filing criminal reports on him, and other discriminative practices towards him." (Complaint at 7).

Oddly, the record contains no affidavit from Kordus. Correction Officer Young avers, "[n]either I nor Kordus or any other deputy or correctional officer retaliated against Mr. Lewis in any manner." (Affidavit of Correction Officer Richard Young, ¶12). However, Young cannot speak for Kordus. There is no basis for his statement with regard to her actions. He cannot know whether she retaliated against the plaintiff.

The defendants also suggest that Kordus could not have retaliated against the plaintiff because she was no longer working for the Sheriff's Office when she was

served with the summons and complaint. Again, there is no evidence regarding if and/or when Kordus stopped working for the Sheriff's Office.

In contrast, there is evidence that Kordus remained employed at the Milwaukee County Jail after the plaintiff filed a claim. Although not attached to an affidavit, the plaintiff submitted a number of documents that suggest he promptly filed a notice of claim and that it was investigated at the behest of Milwaukee County's insurance company.[2] Part of that investigation involved gathering reports from the officers involved, including Kordus. Thus, Kordus knew the plaintiff had made some kind of claim, even if he had not yet filed his complaint in this case.

Based on the record before the court, defendant Kordus is not entitled to summary judgment on the plaintiff's retaliation claim. The court will refer this case to a magistrate judge in accordance with General Local Rule 72(b)(2)(T) for mediation of the remaining claim.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #42) be and the same is hereby **GRANTED in part** and **DENIED in part,** as provided herein.

**IT IS FURTHER ORDERED** that D. Szibel be and the same is hereby **DISMISSED** as a party to this action.

---

[2] The defendants did not object to the authenticity of these documents or reply in any way to the plaintiff's response to their motion for summary judgment. Moreover, the documents appear to speak for themselves. The court will consider their content.

**IT IS ALSO ORDERED** that the remaining parties shall appear before United States Magistrate Judge Patricia J. Gorence at such time she shall designate, for mediation with the attorneys they expect to try this case, together with such person or persons, other than legal counsel, with final settlement authority.

**IT IS FURTHER ORDERED** that the parties shall mediate their dispute in good faith.

**IT IS ALSO ORDERED** that the parties shall not file or reveal to the court or its employees any discussions or facts disclosed during mediation, without the proper consent of the adverse party.

At the conclusion of the mediation, Judge Gorence shall advise the court whether mediation has been successful and shall not otherwise reveal any information concerning the case.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge